UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

SUSAN HERBERT,

    Plaintiff,

vs.                                             Case No.  3:08-cv-1201-J-34MCR

UNITED STATES OF AMERICA, et al.,

    Defendants.
_____/

## **REPORT AND RECOMMENDATION**[1]

This case is before the Court on Plaintiff's Complaint (Doc. 1) as well as Plaintiff's Motion for Leave to Proceed In Forma Pauperis (Doc. 2) filed December 15, 2008. Plaintiff filed a pro se complaint in which she lists numerous questions, including: "[i]s Susan Herbert [Plaintiff] the acting legal President and Commander . . .?" and "[i]s the drafting of women unconstitutional as it constitutes double jeopardy as women are always subject to death via sex and childbirth while men are not thus women shed blood and risk their lives in defense of the Constitution each time they give birth?" (Doc. 1, p.2).

Before a plaintiff is permitted to proceed in forma pauperis, the Court is obligated to review the complaint to determine whether it is frivolous, malicious, "fails to state a claim upon which relief may be granted[,]" or . . . "seeks monetary

---

[1] Any party may file and serve specific, written objections hereto within TEN (10) DAYS after service of this Report and Recommendation. Failure to do so shall bar the party from a de novo determination by a district judge of an issue covered herein and from attacking factual findings on appeal. See 28 U.S.C. §636(b)(1); Fed.R.Civ.P. 72(a), 6(a) and (e); Local Rules 6.02(a) and 4.20, United States District Court for the Middle District of Florida.

relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). If the complaint is deficient, the Court is required to dismiss the suit sua sponte. See id. Section 1915 grants broad discretion to the district courts in the management of in forma pauperis cases, and in the denial of motions to proceed in forma pauperis when the complaint is frivolous. Clark v. State of Ga. Pardons and Paroles Bd., 915 F.2d 636, 639 (11th Cir. 1990); Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984). A lawsuit is frivolous if the plaintiff's realistic chances of ultimate success are slight. Clark, 915 F.2d at 639. The trial court must determine whether there is a factual and legal basis, of constitutional or statutory dimension, for the asserted wrong. Id. A district court should order a § 1915 dismissal only when a claim lacks an arguable basis in law. Neitzke v. Williams, 490 U.S. 319, 325, 109 S.Ct. 1827 (1989). Claims may lack an arguable basis in law because of either factual or legal inadequacies. Id.

A review of the this Court's docket indicates Plaintiff has brought several suits in this Court, all of which have been dismissed. See Case Nos. 3:07-cv-315-J-25HTS, 3:07-cv-699-J-25TEM, 3:07-cv-776-J-16MCR, 3:07-cv-964-J-33TEM, 3:08-cv-634-J-32MCR, 3:08-cv-1164-J-20TEM. Indeed, in Case No. 3:08-cv-1164-J-20TEM, Plaintiff filed the identical document she files in this case as her complaint. Magistrate Judge Morris entered a Report and Recommendation that the case be dismissed.

The Complaint in this case consists of a series of questions and does not set forth any identifiable claims.  It is factually baseless and legally frivolous and as such, it is respectfully

**RECOMMENDED:**

Plaintiff's Motion to proceed In Forma Pauperis (Doc. 2) be **DENIED** and the Complaint be **DISMISSED** without prejudice to Plaintiff filing a paid complaint.

DONE AND ENTERED at Jacksonville, Florida this  19th  day of December, 2008.

*Monte C. Richardson*

MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies to:

Pro Se Plaintiff
Marcia Morales Howard,
United States District Judge